# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00354-CV

**Billy Dale Carter, Appellant**

**v.**

**Travis County Commissioner's Court; Greg Hamilton, Sheriff; Mike Summers and John Ribsam, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-07-000277, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Billy Dale Carter, appearing pro se, appeals the district court's take-nothing summary judgment in favor of appellees Sheriff Greg Hamilton, Mike Summers, and John Ribsam. The summary judgment was based on appellees' affirmative defense of limitations. Carter argues that the district court abused its discretion in granting summary judgment. We affirm the district court's judgment.

### *Background*

Carter seeks compensation from appellees, alleging that he sustained injuries while being transported in a Travis County Sheriff's transport bus on February 10, 2005.[1]

---

[1] At the time of the incident, Carter was an inmate under the custody of the Travis County Sheriff's Office. At the time of this appeal, Carter is incarcerated in the Hightower Unit in Dayton, Texas.

In an attempt to compel a settlement from the Travis County Commissioner's Court, Carter filed his "Petition for Application for Writ for Mandamus" in the district court on January 29, 2007, requesting a writ "directing the Travis County Comm's. Court to make a reasonable settlement on relators claim, (2) order the Travis County Comm's. Court to pay court costs for the proceeding, and (3) relator recover reasonable legal fees for the preparation of this writ for mandamus." On April 23, 2007, Carter filed his "Plaintiffs Amended Original Petition" naming Hamilton, Summers, and Ribsam as defendants. On the same day, he also filed his "Plaintiffs Request Leave of Court to Obtain Permission to File This Litigation."

Hamilton and Summers filed their traditional motions for summary judgment on January 31, 2008, and Ribsam filed a similar motion on March 6, 2008. Appellees raised the affirmative defense of limitations, asserting that Carter's personal injury claim is barred. The district court granted summary judgment in favor of Hamilton and Summers on March 4, 2008, and in favor of Ribsam on April 4, 2008.

### Discussion

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215.

2

Section 16.003(a) of the Texas Civil Practice and Remedies Code requires a plaintiff to bring a personal injury claim "not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2008). The record supports the district court's summary judgment on Carter's claims based on limitations. According to Carter's Amended Original Petition, in which he named appellees as defendants for the first time, the alleged injury occurred on February 10, 2005. Carter filed his claims against Hamilton, Summers, and Ribsam on April 23, 2007, more than two years following the incident. Carter's claim is, therefore, barred by limitations, and the district court properly granted summary judgment.

Having found that Carter's claim was barred by limitations, we affirm the judgment of the district court.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   January 22, 2009